UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| MICHALEE A. NEILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: |
| vs. | ) |
| | ) Judge: |
| B + M SURFACE SYSTEMS AMERICA CORP., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. Section 1331.

2. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1337(a).

3. Defendant is a corporation formed under the laws of Delaware. Its principal office is located at 5959 Shallowford Road, Suite 309, Chattanooga, Tennessee, 37421. Its registered agent for service of process is National Corporate Research, Ltd., Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee, 37205.

4. Defendant designs and builds automated painting plants and automatic paint application systems, supplies these products to customers, and provides maintenance services and technical support for its customers. Defendant provides its products and services to customers in the United States and throughout the world.

5. Plaintiff has been employed by Defendant as a Field Service Technician from

August of 2015 through the present. Plaintiff's duties include providing maintenance and other services to Defendant's customers.

6. Plaintiff's job with Defendant routinely requires her to travel and work outside of the United States. Plaintiff also routinely performs work for Defendant in Chattanooga and other areas of East Tennessee.

7. Before Defendant hired Plaintiff in August of 2015, Defendant's Chief Executive Officer provided Plaintiff with a written proposal dated June 15, 2015 ("written proposal"), which set forth certain terms of her employment. The terms in the written proposal included an agreement to pay Plaintiff an hourly rate for the time she worked, and to pay Plaintiff overtime wages for hours worked over 40 during a workweek. Defendant also verbally confirmed with Plaintiff that she would be paid an hourly rate and overtime as described above. Defendant increased Plaintiff's hourly rate of pay effective January 1, 2016.

8. Plaintiff routinely works well over 40 hours per workweek in performing her job duties for Defendant.

9. Plaintiff records the amount of time she works each week and submits these time records to Defendant. Based on the time records submitted by Plaintiff, Defendant pays Plaintiff on an hourly basis.

10. During the course of Plaintiff's employment with Defendant, Defendant routinely failed to pay Plaintiff for all of the hours she worked and recorded on her time records each week, including overtime hours.

11. Although Defendant generally paid Plaintiff at her agreed regular hourly rate for the first 40 hours of work each week, and paid Plaintiff one and one-half times that regular rate for some of the overtime hours she worked and recorded on her time records, Defendant routinely failed to pay Plaintiff any compensation whatsoever for many of the overtime hours

and some of the regular hours that she worked and recorded each week.

12. Shortly after Plaintiff started working for Defendant and noticed that she was not being paid for all of the hours she worked and recorded, Plaintiff complained to her direct supervisor about the shortages. Although Plaintiff's supervisor assured her that he would remedy the situation, he never did so and Plaintiff continued to perform uncompensated work.

## Count 1—Violation of Fair Labor Standards Act

13. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-12 above.

14. While Plaintiff has been employed by Defendant, Plaintiff has been engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

15. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

16. Defendant is an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

17. Plaintiff is an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA, and has worked for Defendant within the territory of the United States within three years and within two years preceding the filing of this lawsuit.

18. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

19. Plaintiff is an hourly employee who is entitled to overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

20. Plaintiff worked well over 40 hours during workweeks in which she performed

3

work within the United States, but was not paid overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during those workweeks, as required by Section 207 of the FLSA.

21. Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207 of the FLSA.

22. As a result of Defendant's failure to comply with Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay for weeks during which Plaintiff performed work in the United States.

23. Defendant's time records show the number of hours worked and recorded by Plaintiff during each workweek. Accordingly, by multiplying the number of overtime hours worked by Plaintiff's overtime rate, the exact amount of overtime back pay owing to Plaintiff can be calculated from Defendant's records.

24. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

25. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

## Count 2—Breach of Contract Under State Law

26. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-25 above.

27. The written proposal that Defendant provided to Plaintiff constituted a contract under applicable state law that obligated Defendant to pay Plaintiff the agreed hourly rate for the first 40 hours of work during each workweek, and to pay Plaintiff one and one-half times that rate for all hours worked over 40 during each workweek, for the work she performed while

employed as a Field Service Technician.

28. Defendant's verbal statements to Plaintiff that she would be paid in accordance with the terms set forth in the written proposal constituted a contract under applicable state law that obligated Defendant to pay Plaintiff the agreed hourly rate for the first 40 hours of work during each workweek, and to pay Plaintiff one and one-half times that rate for all hours worked over 40 during each workweek, for the work she performed while employed as a Field Service Technician.

29. Defendant's conduct in increasing Plaintiff's hourly rate of pay effective January 1, 2016, constituted a contract under applicable state law that obligated Defendant to pay Plaintiff the agreed increased hourly rate for the first 40 hours of work during each workweek, and to pay Plaintiff one and one-half times that rate for all hours worked over 40 during each workweek, for the work she performed while employed as a Field Service Technician.

30. By failing to pay Plaintiff for all of the hours she worked and recorded on her time records, Defendant breached its contract with Plaintiff.

31. Plaintiff sustained damages as a result of Defendant's breach of contract. Specifically, Plaintiff failed to receive wages for work she performed for Defendant at the agreed-upon rate of pay.

32. During weeks in which the FLSA does not provide coverage to Plaintiff because her work took place outside the United States or its territories and possessions, Plaintiff seeks recovery for uncompensated overtime hours on the basis of Defendant's breach of contract under applicable state law.

33. During weeks in which Plaintiff was not compensated for all of her regular hours worked, Plaintiff seeks recovery for these uncompensated regular hours on the basis of Defendant's breach of contract under applicable state law.

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that includes the following:

(a) Overtime back pay recoverable pursuant to 29 U.S.C. § 216(b) for weeks in which Plaintiff worked in the United States;

(b) Liquidated damages in an amount equal to the overtime back pay recoverable pursuant to 29 U.S.C. § 216(b);

(c) Reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

(d) Unpaid overtime wages for weeks in which Plaintiff did not work in the United States as damages resulting from Defendant's breach of contract;

(e) Unpaid regular wages for weeks in which Plaintiff did not work in the United States, and for all other weeks for which Plaintiff was not paid for all regular hours worked, as damages resulting from Defendant's breach of contract; and

(f) All further general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #13839
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown
GA Bar #486002
Warren & Griffin, P.C.
513 Benjamin Way, Suite 208
Dalton, GA 30721
(423) 265-4878
(706)-529-3890 (facsimile)
johnmccown@gmail.com

Attorneys for Plaintiff